May it please the Court. This case, well the decision in yesterday's decision of the Supreme Court of Murphy v. NCAA, underscores the issue that is present here in this case. And the question is, in Murphy v. NCAA, the question was whether the federal law outlawing gambling violated the anti-commandeering statute. No, that's not what happened. That case had nothing to do with this case. Okay, but what was underscoring here, and Justice Alito referenced marijuana in several instances. And what we're underscoring here is the question, does the IRS, should the IRS be given the power and authority to make the determination whether someone is unlawfully trafficking in a controlled substance? As Justice Thomas underscored in his concurring decision yesterday, it is for the courts. You don't have any law based on anything that happened before yesterday? Because that case, there's no commandeering here. What's the commandeering here? Potentially what we have is that we have law, the State has lawfully created licensing and made the sale marijuana lawful. But there was not a federal law prohibiting gambling. There was a federal law prohibiting. What was decided yesterday was a federal law prohibiting States from doing certain things. That's not at issue here. We're talking about what the federal law requires. It's not just because the State says something is unlawful doesn't mean the federal government can't say it's unlawful. Potentially that is true. Not potentially. That's true, period. Well, where are we going with this? The question, does an administrative agency have authority to make a determination, in this case the IRS, make a determination that someone has violated a law outside of the tax code, which is the fifth element of 280E? And didn't we already rule in Green Solutions for purposes of making an assessment that the IRS did indeed have that authority to investigate and make a determination? Your Honor, I know that you were on that panel that made the ruling. What I understood the court to say is that they didn't have subject matter jurisdiction to make the ruling. And so under the AIA, the court was precluded from making such a ruling. So I don't think that the court could have made the ruling that it was beyond the IRS's authority to make those determinations. Well, didn't we have to first determine whether there was an assessment before we could determine our jurisdiction? Well, I think the court did make a determination that there had not yet been an assessment in that case. And the court said in Green Solution that everything up to and including assessment was covered under the AIA. So there was no way that the court could go to the substance of the claim. Well, I read Green Solutions as having rejected your argument that the IRS can't investigate whether someone is trafficking in a controlled substance. But we need not rely on Green Solutions. Why don't you tell me why that's wrong? Well, what we're going into, and this is construction of the statute. We're not asking for it to be declared unconstitutional, is that the leery court in the line of cases that we cited. The leery court in the line of cases that you cite are Fifth Amendment cases, right? Right. And this isn't a Fifth Amendment case. This is going into the statutory construction issue. And we do have individuals that are present in this case. And the question is, can the IRS, if in fact they have the authority, which we don't believe that they do, but to give them the authority that allows them to investigate unlawful drug trafficking and then have the ability to share that information with law enforcement. That creates the constitutional difficulty. So when looking at the statute, the court has to look at the constitutional ramifications of how the statute would operate if you gave it that interpretation. And with the Akron case that we cited in our briefs, we talked about that the court has to interpret a statute, if possible, constitutionally. I believe that the Tenth Circuit has discussed that in the terms of constitutional narrowing. What's the constitutional problem with allowing the IRS to make a determination that you're not entitled to a deduction? The question, because under Section 280E, the Fifth Element of Section 280E is unlawful trafficking. And because it can't just be the sale of marijuana or a Schedule I or II controlled substance. Because then, Section 280E, there would be no differentiation between Alcond Glow, as alleged, or Walgreens. Walgreens sells Schedule II controlled substances all the time. For that fact, Pfizer, Merck, all of them sell Schedule II controlled substances. So do they all fall under Section 280E? The answer is no. The differentiator is that they are conducting unlawful activity. Well, there's an exception. It's trafficking as defined in, and it cites the federal code, the federal criminal code for the definition of trafficking, right? And that has a specific, explicit exception for if it's based on a prescription by a licensed physician, right? So we're not dealing with that here. So looking at the facts and the law here, does the IRS have the authority to take the facts, apply the law outside the tax code, and make a determination whether or not there has been a violation of the Controlled Substances Act? What makes you think they're applying the law beyond the tax code? How would they determine? Because they wouldn't be able to determine the unlawful trafficking otherwise. If I take a deduction because I'm running a farm, can the IRS investigate and see if that's a legitimate business before they allow me to deduct my business losses? This gets into the whole of it. Could you answer the question? Yes. So all the time, the IRS does investigations to determine whether someone is lawfully entitled to take a deduction. In the normal regulatory environment, that is true. But what the Supreme Court has talked about in the Leary line of cases is that the rules change when we're dealing with an area permeated with criminal statutes and those inherently suspect of criminal activity, which is clearly the case here. This is the purported trafficking of marijuana, Class I controlled substance, potentially with a very extensive criminal sentence. I mean, the Leary line of cases, I mean, in those cases, first of all, it was about imposition of a tax, not about whether you were entitled to a deduction, which is a big difference. And they were required to report everyone they sold to and bought from and the quantities, and those reportings to the IRS were then turned over to the Federal prosecutor. Is that fairly accurate of the differences between our cases? Well, I would say that those cases involve those type of things. However, a Form 1065 was filed in this case. And in Form 1065, it specifically asked for in Section As and B, specifically, what is the nature of your business and what product are you selling? They have to answer that under penalty of perjury. If they answer that truthfully, that is — that potentially is the link in the chain to the criminal culpability. And so that's — But your clients didn't claim Fifth Amendment anywhere along the line. Under the Leary line of cases, that was not necessary. We would agree that under Garner v. United States, there is that potential. But what we're talking about here, we're not talking about a Fifth Amendment privilege against a criminal case. We're talking about the statutory construction of this law. And I'd like to make that very clear, what we're looking at here. So this is looking forward at what — and this is going to the IRS's power. That's where we're going. What power does the IRS have? Now, moving on to the 16th Amendment issue. The question of deductions being a matter of legislative grace. They taught — the respondent discusses Glen Shaw Glass, which is the one that really discusses the legislative grace issue. Glen Shaw Glass was a U.S. Supreme Court case that was affirmed out of the Second Circuit. Judge Learned Hand was — it was his panel that decided Glen Shaw Glass. Three years later, in Davis v. United States, Judge Learned Hand and his panel discuss the differences between the deductions that are made as far as legislative grace and the ones that are required for the Constitution. And I'll use a quick example. You have a proprietor that sells a chair. He buys the chair for $100. He sells it for $200. Constitutionally, he has a gain of $100. Now, let's put in a salesman. The proprietor hires a salesman, says, Every chair you sell, I'm going to give you $40. So he has — he sells — he buys the chair for $100, sells it for $200. Through the salesman, the salesman is paid $40. There's a gain of $60. For constitutional purposes, that is the income for constitutional purposes. That $40 of the cost is not a deduction that is allowed by legislative grace. Because it's cost of goods sold. No, that's not cost of goods sold, not according to what the government is saying. That is a cost of operation under Section 162, which is not allowed under this. So the salesman who makes — and sales expenses are specifically not allowed the way the IRS is constructing 280E right now. So that salesman cannot — that amount is not allowed. I have the remaining time for rebuttal. Okay, thank you. Thank you. May it please the Court. Patrick Gerda for the United States. The panel understands that this case is, in large part, controlled by Grain Solution because it is. As this Court said, the IRS's obligation to determine whether and when to deny deductions under Section 280E falls squarely within its authority under the tax code. That applies here. The IRS has authority. The Leary line of cases that were really discussed in the reply brief to the extent that they weren't waived because it wasn't developed are inapplicable for the reasons that Judge McHugh pointed out. They deal with a tax and because there was a reporting requirement. Here we're dealing with a deduction. Taxpayers are required to take deductions. So they're not faced, as in the Leary, Grosso, Marchetti line of cases, where they actually have to make an incriminating representation to the government. There's no requirement of that here. Instead, taxpayers can take deductions or not take deductions. And there is no logical inference drawn from that. If the IRS then follows up and wants to ask them questions about their tax returns — and remember, tax returns just ask for the numbers. It doesn't ask for really anything more than that. Here we heard something about their tax returns. On Appendix 474, 492, they described their business as agricultural greenhouse nursery. There's no sort of incriminating information. And to the extent that the IRS would ever ask for that incriminating information, they would be able to assert the Fifth Amendment, which was exactly what happened in the Feinberg case. So as Judge McHugh, you pointed out, this is not a Fifth Amendment case. It's simply a refund case that is controlled by Green Solution. Do you have a Sixteenth Amendment problem because by eliminating all of these deductions, you're no longer taxing income? No, we don't. Sixteenth Amendment basically allows the Congress to tax up to the amount of gross income, which in the context of a seller of products like these, includes gross receipts minus the cost of goods sold. The language from the 1920s and 1930s being relied upon by my friend is inapplicable here, as the Supreme Court noted in Commissioner v. Glentron Glass. The Supreme Court in that earlier case was dealing with trying to distinguish between the gain from a capital asset and gain from income. So it was talking in very broad terms. What's happening here is for the last 90 years, cost of goods sold is the only thing that is outside taxable income. So when we're looking at gross income, we take gross income minus deductions, taxable income. That's what we get taxed on. And deductions are, of course, a matter of legislative grace, and as this Court has established many times before, Congress has authority to discontinue the right to such deductions, and that authority is not open to doubt. That's exactly what we have here. Did the IRS have the burden of providing sufficient evidence of trafficking in this case? Well, in this case, the IRS didn't have the burden because it was a refund suit and there weren't any claims upon which relief could be granted. They were alleged. We only had legal conclusions. The IRS moved to dismiss at that point in time. I would note that the IRS had introduced, I mean, the IRS didn't introduce anything, but taxpayers introduced copious notes from the examiner indicating that the IRS had made a determination that these folks were in the business of trafficking in controlled substances when it determined that 280E would apply. Didn't the district court suggest strongly that it wasn't convinced there was enough there on the sufficiency of trafficking? It seemed that the district court was kind of mixing things with the motion for partial summary judgment and with some pleadings in our brief. In our brief in the district court, we noted that if the motion to dismiss were denied, we'd like the chance to develop the factual record because they were not conceding that there are marijuana dispensaries, which, of course, there are. So we would want to put in sufficient evidence to show it. That isn't to suggest that when we determined that 280E should apply during the audit, which, of course, they accepted by paying the assessment and then initiating this refund action, that we didn't have authority for that. We certainly did, and to the extent that our pleadings were perhaps not the clearest, that's obviously, you know, on us. I'd like to... Let me ask about the cost of goods sold. Sure. So you're conceding that they're entitled to subtract from their gross receipts the cost of goods sold. Why aren't they entitled to any relief here, then? Well, because they didn't, in their first amended complaint, they didn't assert that any cost of goods sold were denied. What they asserted were that business expense deductions were denied. Now, under 280E and under the legislative history, Congress is pretty specific that they didn't want to have any constitutional difficulty with cost of goods sold, so they limited the applicability of 280E to deductions and credits. So cost of goods sold, okay. Deductions and credits, not okay. Where in the code is the subtraction for cost of goods sold? Well, the subtraction is, it's... It's more in the Treasury regulations. I'm thinking of Treasury regulations, so 26 CFR 1.61-3. Oh, yeah. Indicates... Yeah, I mean... Now that you've revised it. We were all reading it last night, I know, bedtime reading. But they do indicate that cost of goods sold is included with gross, in determining gross income. And that makes sense, because until you get the amount of the product that you're selling back, you're really not making any sort of income. And then you take your gross income and subtract the deductions. What Congress limited this to was a disallowance of deductions and credits. So you're acknowledging they can subtract the cost of goods sold in determining their income. You're just saying they didn't allege that they were denied that. Exactly. Exactly. And that's on Senate Report 97-494F309. Section 280E does not affect the taxpayer's recognition of cost of goods sold in determining its gross income. And that's in our brief, of course. This will demonstrate my innocence. What are the costs of goods sold here? Are they seeds in mature plants? Well, cost of goods sold, to the extent that they're buying marijuana from a farmer, it would be the amount that they would... Yeah, exactly. So cost of goods sold is basically the cost that you get for any product that they then resell. When you described the business they were in that was in their return, you said that they themselves were the farmer. Well, and at that point in time, the cost of goods sold would be the cost of generating the goods. But other business expense deductions, which are the business expense deductions claimed here and described in the first amended complaint... Would it be the salaries for plowing? If you do plowing, is part of the cost of goods sold? I'm not sure because it hasn't come up in this case. But I think it could be. Now, cost of goods sold for the generation of the product, for the good, would be different than ordinary and necessary business expenses, which is really the salary that we're talking about here. The folks who sell the marijuana and, for example, keep the lights on on the dispensary, those are the types of ordinary and necessary business expenses that 280E disallows. In the amended complaint, they tried to add cost of goods sold to their allegations. I've got to say, Judge, I don't see that. Well, they said the IRS denied all ordinary and necessary business deductions, including the cost of goods sold. Well, to the extent that they did that, they would have to go into the... I'm sorry, that's the second amendment. Yes, okay. The second amended complaint, there was no... Okay. There was no, yes, okay. The second amended, they tried to add it. Right, and there was no second amended complaint. Well, because the court didn't allow it. Right, exactly. So my question is, shouldn't the court have allowed them to amend to clarify that they were looking not for just ordinary business deductions, but for cost of goods sold? I would say that the court did not abuse its discretion in denying that motion to alter or amend the judgment to add those allegations in a second amended complaint, because, quite frankly, they were creating a moving target, which under this court's precedent is not a sufficient... is a reason to disallow. You had an IRS report that came out in either 2013 or 2014, a refund action in 2016, and they had all the information from the IRS. So to the extent that they think that the IRS had disallowed cost of goods sold, then they had that information in their possession for at least two years. They didn't put anything in their motion as to... in subsequent pleadings as to why they delayed for two years, and then after amendment of complaint was allowed, tried to introduce more allegations in the motion for partial summary judgment. There was no excuse. Under this court's precedent, delay plus no excuse is sufficient reasons to disallow a motion to amend the pleadings. And I'd also throw in there that, again, this is just allegation seriata, which, of course, this court's precedent does not allow. It doesn't allow amendment so that the plaintiff can keep on coming up with new possibilities that they want to plumb. The court below gave them an opportunity to amend their complaint. The court below actually considered the allegations in the motion for partial summary judgment, and I think that the court's conclusion not to allow a second amended complaint in this situation, with a delay and no excuse, was well-grounded. I'd like to talk just briefly about the two other legal conclusions that plaintiffs rely upon, the excessive fines clause of the Eighth Amendment and the dead letter rule. Excessive fines clause is also controlled by this court's decision in Green Solution. Disallowance of a deduction is not an action imposed as punishment. That's fatal to their Eighth Amendment analysis. There is no dead letter rule. It was created from a, or drawn out of a single northern district of Alabama district court opinion from the 1960s. So there is no broader rule. 280E explains when, where it meets and bounds of the deduction and when it is disallowed, namely when the business operates in the trafficking of controlled substances forbidden by state or federal law. I don't have anything to add on the commandeering point unless this court would like me to talk about Murphy, but. You can talk about Judge Murphy. We all like to hear about him. I love talking to Judge Murphy. If there are no further questions. So does Judge Murphy. Thank you. My esteemed opposing counsel acknowledged in my example of the sales cost that would be a denied deduction. There he talked about sales cost as being 280E applicable to sales cost there. So the question really, really comes down to, you know, is there a deduction? For constitutional purposes in my example, is the gain $60 or is it $100 for constitutional purposes? We assert that the gain is $60. And this is the 16th Amendment problem of 280E. He talks about. Let me make sure I understand you. He was conceding that you can subtract out the cost of goods sold. Correct. Are you going beyond that in your argument now? What we are saying here is that for. He's conceding cost of goods sold in the cases that we cited. It is more than cost of goods sold that is required for constitutional purposes. Do you have an authority for that? Yes. In our reply brief, we cite several authorities for that. And also in our. So what sort of things does the 16th Amendment not allow you to tax? As discussed at the tax court case, I can get into my briefs and discuss it. But cost of operation, a lot of cost of operation, like the sales cost that we just discussed, are required constitutionally. It's more than just cost of goods sold. And that's the issue. We go back to the sales cost there. Is that a cost of goods sold? No, it's not. It's not really a cost of goods sold. And that's the differentiation there. And so, and it really goes back to my example. For constitutional purposes, are we doing, is it $100 gain? That's 280E. Or is it $60 gain, which we assert is the Constitution? That's the problem. And so when we get into the cost of goods sold, yes, there was denial of cost of goods sold. And the 263A, we put that in. We tried to add that. And I'm running out of time. So also on the issue of the arbitrary and capriciousness, we did not know that until their response brief. Did not know what? About that they didn't have any information substantiating that there was unlawful trafficking. So there was no discovery in this case. This was all initial motions. So how are we supposed to mind read the government that they have no information? We should have been allowed to amend the complaint to add that arbitrary and capriciousness. And with that, I guess my time is up, unless there's other questions. Thank you. We stayed within our time this time. Thank you. Case is submitted. Counselors excused. We're going to take a brief recess of five to ten minutes, so don't go far.